1   Laurence M. Rosen, Esq. (SBN 219683)
2   THE ROSEN LAW FIRM, P.A.
    333 South Grand Avenue, 25th Floor
3   Los Angeles, CA 90071
    Telephone: (213) 785-2610
4   Facsimile: (213) 226-4684
    Email: lrosen@rosenlegal.com
5

6

7   Counsel for Plaintiff

8                UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA

10
    TOM   MCDERMOTT,   INDIVIDUALLY          CASE   No.:11-CV-02557   GHK
11  AND ON BEHALF OF ALL OTHERS               (CWx)
    SIMILARLY SITUATED,
12
                            Plaintiff,        PLAINTIFF'S RESPONSE TO
13                                            THE   COURT'S   ORDER   TO
             vs.                              SHOW  CAUSE  WHY  THIS
14                                            ACTION  SHOULD  NOT  BE
    SHENGDATECH,   INC.,   XIANGZHI          DISMISSED FOR IMPROPER
    CHEN, ANDREW WEIWEN CHEN, and             VENUE
15  ANHUI GUO
                                              Hon. George H. King
16                          Defendants.
17

18
         Plaintiff Tom McDermott respectfully responds to this Court's Order to
19
    Show Cause why this case should not be dismissed for improper venue, dated April
20
    12, 2011.
21
                                 **Facts**
22
         Defendant ShengdaTech, Inc, ("ShengdaTech") is a holding company,
23
    incorporated in Nevada, with Principal Executive Offices located in the People's
24
    Republic of China ("PRC"), Shanghai.  ShengdaTech's operating asset does
25
    business solely in the PRC.  Upon information and belief Xiangzhi Chen ("Chen"),
26
    ShengdaTech's President, Chief Executive Officer, and Chairman of its Board, is a
27
    citizen of and resides in the PRC.  Upon information and belief, Andrew Weimen
28

                                    1
    Class Action Complaint for Violation of the Federal Securities Laws

Chen ("Weimen Chen"), ShengdaTech's Chief Financial Officer, is a citizen of and resides in the PRC.   Upon information and belief, Anhui Guo ("Guo"), ShengdaTech's Chief Operations Officer, is a citizen of and resides in the PRC. Collectively, Defendants Guo, Chen, and Weimen Chen are the "Alien Defendants".

Plaintiff filed the Complaint for violation of the federal securities laws on March 25, 2011.  Two related cases were filed in the federal district court for the Southern District of New York:  *Turner v. Shengdatech, Inc*, 1:11-cv-01918-TPG (filed March 18, 2011); and *Mathes v. Shengdatech, Inc.*, 1:11-cv-02064-UA (filed March 24, 2011).  A shareholder derivative action, *Corwin v. Chen*, 1:11-cv-02457-RJH, was also filed in Southern District of New York on April 11, 2011. Defendants have not yet made an appearance in any of the New York actions.

On April 21, 2011 Plaintiff served the summons and complaint on ShengdaTech's registered agent in Reno, Nevada.  This Court issued an Order to Show Cause why Plaintiff's Complaint should not be dismissed for improper venue on April 12, 2011.

### **Argument**

In *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1315-16 (9th Cir. 1985), the Ninth Circuit held that 15 U.S.C. § 78aa, the provision cited by Plaintiff, "authorizes nationwide service of process."  *Id.*  Therefore, this Court has jurisdiction over defendants so long as Defendants have minimum contacts *with the United States* (rather than this District) making exercise of jurisdiction constitutional. *Id.*

Defendants have minimum contacts to the United States.   Among other things, ShengdaTech is a corporation incorporated Nevada; its securities are listed on a U.S. stock exchange (i.e. the NASDAQ), and were offered and sold to American investors; and the officer and director defendants signed SEC filings that

are alleged to be false.  Therefore, Defendants have at least the minimum contacts making the exercise of jurisdiction constitutional.

Venue is proper as to the alien defendants because "an alien may be sued in any district."  28 U.S.C. § 1391(d).  Further, for purposes of the venue statute, aliens do not reside in any judicial district, as "suits against aliens are wholly outside the operation of the federal venue laws."  *Brunette Mach Works, Ltd. V. Kockum Industries, Inc.*, 407 U.S. 706, 714 (1972).  Therefore, the only defendant whose residence matters for venue purposes is ShengdaTech, a Nevada corporation.

Title 28, Section 1391(c) of the United States Code provides that for purposes of the venue statute, a corporation resides in any judicial district in which it is subject to personal jurisdiction.  Therefore, defendant ShengdaTech resides in this district (indeed, it resides in every district in the Nation) for purposes of the venue statute.  *Vigman*, 764 F.2d 1315-16.

Title 15, Section 78aa of the United States Code provides that a federal securities lawsuit may be brought against a defendant "in the district wherein the defendant is found or is an inhabitant."  Therefore, since ShengdaTech resides in this district, suit may be brought against it here – venue is proper.  *See Pure Oil Co. v. Suarez*, 384 U.S. 202, 204-05 (1966); *accord Cumberland Equipment Co. v. Detroit Diesel Corp.*, 401 F. Supp. 2d 415, 421 (E.D. Pa. 2005) (*Pure Oil* makes 28 U.S.C. 1391(c)'s definition of corporate residence applicable to any statute where residence is an element of venue).

In addition, venue is proper because 28 U.S.C. § 1391(b) provides that venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State."  Since ShengdaTech is the sole defendant with a residence in the United States, and since ShengdaTech resides in this district, venue is proper as to ShengdaTech in this district.   *Heroes, Inc., v. Heroes Foundation*, 958 F. Supp. 1, 6 (D.D.C. 1996).

Finally, venue is proper in this district under the rule announced in *Vigman*, 764 F.2d at 1317.  This action alleges "a common scheme of acts or transactions in violation of the securities laws."  *Id.*  Therefore, because the individual defendants in this action are aliens, under the coconspirator theory, because venue is proper as to these defendants, it is proper as to ShengdaTech as well.  *Id.*

Plaintiff respectfully observes that in *Job Haines Home for the Aged v. Young*, 936 F. Supp. 223 (D.N.J. 1996), the individual defendants were residents of California.  *Id.* at 223.  Therefore, as the Court opined in *Young*, plaintiffs in *Young* could not bring suit against "defendants", as some did not reside in the district.  *Id.* at 129.  Further, in *Young*, venue was not proper as to the Corporation, because the Corporation was the only defendant that resided in the judicial district.  *Id.*  Finally, plaintiffs in Young could not avail themselves of the rule announced in *Vigman* because venue was not proper as to any defendants in the action.

Lastly, questions relating to the convenience of the forum should be reserved until defendants have weighed-in on the convenience of the forum.  Because the bulk of the witnesses and documentation relevant to this action is believed to be located in the PRC, and Los Angeles is closer to the PRC than New York, this Court is the most convenient forum.

Dated: April 22, 2011

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

_____
Laurence M. Rosen, Esq. (SBN 219683)
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of the Rosen Law Firm, P.A., with offices at 333 South Grand Avenue, 25th Floor, Los Angeles, CA 90071.  I am over the age of eighteen.

On April 22, 2011, I electronically filed the following **PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR IMPROPER VENUE** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

On April 22, 2011 I also caused a copy of the foregoing to be mailed by first class USPS mail to the following:

ShengdaTech, Inc.

c/o Registered Agent

Lionel Sawyer & Collins, Ltd.

50 West Liberty Street, Suite 1100

Reno, NV 89501


Executed on April 22, 2011


/s/ Laurence Rosen
Laurence M. Rosen